EZRA BERRY v. WALLACE MONROE.

*Sale—Chattel mortgage—Finding.*

1. A, desiring a loan from B, offered to mortgage his rig, but B would not take a mortgage because of the trouble to record it. He agreed, however, to buy the rig for $25, on the understanding that A might buy it back at the end of a month for $27, keeping and using it meanwhile. The rig was in fact left for seven months in A's possession, and during that time A mortgaged it to C, who took it on his mortgage. *Held,* that the transaction with B was not a sale, but a mere arrangement for securing a loan, and that B could not bring trover against C.

2. A finding is presumed, on review, to have been supported by the testimony, if the evidence does not appear in the record.

Error to Branch. (Pealer, J.) May 14.—June 3.

TROVER. Plaintiff brings error. Affirmed.

*Ezra Berry,* appellant for himself, cited as similar *Daniels v. Johnson* 24 Mich. 430.

*Barlow & Loveridge* for appellee.

SHERWOOD, J. The plaintiff brought trover for the value of a horse. The cause originated in justice's court where the plaintiff had judgment. An appeal was taken to the circuit court, where the cause was tried before Judge Pealer without a jury, who, after hearing the testimony and arguments of counsel, found the following facts, viz.:

" The court finds that in June, 1880, one Warner applied to Ransom & Berry, of Quincy, in this county, for a loan of $25 for a short time, to pay for some materials he wished to use in his business, and proposed to give a chattel mortgage to secure the payment. After considering the application, Ransom & Berry declined to take a chattel mortgage on the property, for the reason that Warner lived so far away, and it would be necessary to file the mortgage and look after it in the township where Warner lived. Ransom & Berry then

proposed to buy Warner's horse, harness and buggy for $25,. and allow him to use it in his business, and to repurchase this property at any time within thirty days for $27. This proposition was finally accepted, with some additions. The man Warner was given permission to retain the possession of the horse for about seven months, except that he was stabled the first night in the barn of Ransom & Berry. Warner used the horse and buggy in his business and traveled around through the county, and finally stayed near Bronson, some twelve or fifteen miles from Quincy, for several months. The horse was worth about $40, the harness 75 cents and the buggy about $20. Warner did not attempt to repurchase, but treated the matter as a loan. He sent five dollars to Ransom & Berry at two different times, and they received the $10. Some direction was also given about an order for $3. There was no direction given as to the application of the money, but there was no other deal between the parties. Ransom & Berry suffered Warner to keep and use the property seven months without asserting the right to possession.

In the mean time, in October, 1880, Warner executed and delivered to Wallace Monroe, the appellant, a chattel mortgage on the horse, at Bronson, for a valuable consideration, and while he was possessed of the property. Monroe was an innocent mortgagee. Ransom & Berry, in December following, took possession of the horse under their *claim* of purchase. Monroe afterwards demanded the horse by virtue of his chattel mortgage, and the possession was delivered to him. Afterwards Ransom & Berry assigned their claim to plaintiff and he brought this action. Then Monroe caused a tender to be made to Ransom & Berry of the balance due on their claim, after deducting the money sent to them. They declined to receive it, and it was paid into the justice's court. I find further that while the parties termed the transaction a sale, the said Ransom & Berry did not become vested with the title to the property at *the time*, and that a repayment of the $27 would have been regarded as satisfying the arrangement. I find, as matter of law, that the transaction,

taken as a whole, amounted only to an arrangement for the purpose of securing a loan, and the plaintiff cannot recover."

Judgment at the circuit was entered accordingly.

The plaintiff brings error, and alleges, as the only ground for complaint, that the finding of facts does not support the judgment, and that the plaintiff should have been permitted to recover. The record contains none of the evidence taken upon the trial, and it will therefore be presumed that the testimony fully supported the findings. We think the findings sufficient to support the judgment entered by the circuit judge, and the judgment must be affirmed.

CAMPBELL and CHAMPLIN, JJ. concurred. COOLEY, C. J. did not sit.